UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | 10-3990M |
| | | MAGISTRATE JUDGE'S CASE NO. |
| GARY DEAN | * | |
| | * | |

******

## MOTION TO EXCLUDE EVIDENCE: GOVERNMENT'S OBSTRUCTION OF DEFENSE ACCESS TO WITNESSES & EVIDENCE

Without consenting to proceed before a United States Magistrate Judge or waiving the right to proceed before a United States District Judge, Defendant undersigned, pro se, respectfully moves to exclude evidence (including testimonial, documentary, and real) and preclude the Government from presenting testimony, documents, real evidence, and any other evidence arising from, related to, derived from, has as its source, or is a product of Andrews Air Force Base Exchange security personnel, the witnesses whom the Government has obstructed, impeded, and precluded from defense access. The basis for this motion, set out more fully in the subsequent Memorandum of Law, is the Government's interference with and obstruction of defense access to witnesses and evidence and Government Counsel's non-remedying of that interference and obstruction. Defendant respectfully requests oral hearing.

Gary Dean
Name of Party

Signature of Party or Counsel

12/10/2010
Date

1

## MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE: GOVERNMENT'S OBSTRUCTION OF DEFENSE ACCESS TO WITNESSES & EVIDENCE

As collected and discussed in the annotation "Interference by prosecution with defense counsel's pretrial interrogation of witnesses," *90 A.L.R.3d 1231*, federal courts have long "articulated or recognized, expressly or apparently, a constitutional basis for the right of an accused to have defense counsel interview witnesses prior to trial without interference by the prosecution." *Ibid*, at 1236. In the matter at hand, the Government has interfered with and obstructed Defendant's access to Andrews Air Force Base Exchange Security personnel, and Government Counsel has perpetuated that obstruction and interference by taking no actions to remedy or even address that interference.

The incident giving rise to the matter at hand occurred at Andrews AFB Exchange and involved Exchange Security personnel. Accordingly, Defense preparation requires speaking with and interviewing relevant Exchange Security personnel, most particularly the two Complainant/Witnesses, SSgt Michael Crawford and ESSA Rodney Butler, identified in the Security Forces Blotter Entry providing probable cause for the criminal complaint. Moreover, notwithstanding the fact that the Government has not, despite Defense Request for Disclosure and Local Rules requirements for trial preparation, identified the witnesses it intends to call at trial, one could reasonably assume that Government counsel would intend to call at least ESSA Rodney Butler as a witness since he made, as otherwise disclosed by the Government, the only "Statement of Suspect/Witness/Complainant." Accordingly, Defendant sought and attempted to speak with or arrange to speak with ESSA Butler and SSgt Crawford. (Because, as Government counsel is aware, Defendant has been barred from entering the Andrews Air Force Base generally (by Commander, 11th Wing) and the Exchange specifically (by Commander, 316th Mission Support Group), those attempts were telephonic.)

After leaving multiple telephone messages for either or both ESSA Butler and SSgt Crawford at the Andrews Air Force Base Exchange Security office in the preceding weeks, on Monday, November 29, 2010, Defendant succeeded in speaking with Ms. Theresa McDonald, who identified herself as the supervisor of Andrews Air Force Base Exchange Security.[1] Ms. McDonald stated that per her understanding of guidance from "the JAG office" the policy of the Exchange Security office is to not make Exchange Security personnel available to speak with the Defense in any matters before the Court. Ms. McDonald explained that Exchange Security personnel would be made available to speak with the Defense if she was so allowed by "the JAG office," and she suggested that "the JAG office" be contacted. On Monday, November 29, 2010, Defendant contacted both Captain Lyons and Captain Stemple (via correspondence and messages for both left with their office's front desk/receptionist), apprised them of the Exchange Security office's position, and requested their action to remove the obstruction to Defense access to witnesses. On Wednesday, December 1, 2010, another message for Captain Stemple was left with the front desk and a voicemail message was left at Captain Lyon's number. On Thursday, December 2, 2010, another letter was sent to both Captain Lyons and Captain Stemple. On Friday, December 3, 2010, in the first direct contact Defense has had with Captain Stemple (and only the fourth direct contact Defense has been able to have with the JAG office since the date of the incident, August 31, 2010) the Government's interference with and obstruction of Defense access to witnesses was raised, albeit briefly and inconclusively. To date, Government counsel has neither removed the obstruction to Defense access to witnesses nor responded to the issue.

---

[1] At no time has either ESSA Butler, SSgt Crawford, or anyone else returned any of Defendant's messages requesting contact.

The Government's initial interference arises from two sources: (1) the express position of the supervisor of Andrews Air Force Base Exchange Security, Ms. Theresa McDonald, that per her understanding[2] of guidance from "the JAG office" Exchange Security personnel are not allowed to speak with the Defense, and (2) the Government's barring of Defendant from the Andrews Air Force Base Exchange specifically as well as the entirety of Andrews Air Force Base. In addition to the above described communication with Government counsel, on December 29, 2010, Defendant also submitted written requests Colonel Rizer, Commander, 11th Wing[3] for permission to enter Andrews Air Force Base and Colonel Long, Commander, 316th Mission Support Group[4] for permission to enter the Exchange for the purpose of trial-preparation discussions with Exchange Security personnel. To date, there has been no response to either of those requests.

The Government's continued interference arises from Government counsel's non-responsiveness and inaction, thereby perpetuating the obstruction of Defendant's Constitutionally protected and provided for access to witnesses and evidence as well as precluding Defendant's ability to prepare. While the remedy of excluding the evidence of, from, related to, and arising from the Exchange Security personnel may at first appear to be harsh, it is not untoward in light of the attending circumstances:

    (a) Government counsel was apprised of Ms. McDonald's position immediately upon Defense becoming aware of it (i.e., the obstruction to Defense was defined and ripe);

    (b) Defense persisted in ongoing efforts to contact Government counsel until

---

[2] Defense is aware that legal-oriented "understandings" are often inferences that can greatly vary from actual guidance. Defense is not alleging and has no reason to believe that either Government counsel (or "the JAG office" writ large) actually instructed the Exchange Security office to not speak with the Defense, so Ms. McDonald's statement should not arouse concerns of professional misconduct.

[3] Per the Andrews AFB barment letter, the request letter was sent to 11th Security Support Flight Reports and Analysis Office, 1845 Westover Drive, Suite 137, Andrews AFB, MD 20762-5910.

[4] Per the Andrews AFB Exchange barment letter, the request letter was sent to 316 SFS/S5AR, 1845 Westover Drive, Suite 112, Andrews AFB, MD 20762-5910.

successfully confirming Captain Stemple's awareness of the issue (i.e., Defense's efforts were genuinely focused on removing the obstruction and resolving, not creating, an issue);

(c) the Defense has also sought specific and limited approval to enter Andrews Air Force Base and the Exchange for the purposes of meeting with Exchange Security personnel (i.e., Defense, being focused on resolving, not creating, an issue, is actively attempting to address all aspects of the Government obstruction);

(d) because Defendant is barred from Andrews Air Force Base and Exchange, the Government emplaced obstruction achieves 100% restriction from witnesses (i.e., the obstruction is a complete barrier, not just an inconvenience, and Defense has no "self-help" options);

(e) the Government's obstruction is of essential and obvious witnesses (i.e., this is not a Defense "fishing expedition" – indeed a Constitutionally sufficient preparation <u>requires</u> Defense speaking with these witnesses);

(f) Defense has separately requested that Government counsel identify the witnesses it intends to call (i.e., Defense is genuinely attempting to prepare and, as noted in correspondence to Government counsel, the issue of the Government's obstruction of access to witnesses would be moot if no Exchange Security personnel will be called to testify);

(g) the Government emplaced obstruction is, according to Ms. McDonald, under the **<u>complete control of Government counsel</u>** (i.e., with a simple telephone call from Government counsel to Ms. McDonald, the Constitutionally offensive obstruction to access could have been <u>easily, quickly and timely removed</u>); and,

(h) even though the need for pre-trial access to Exchange Security personnel and the impending trial date, December 13, 2010, were raised and identified by Defense,

5

**Government counsel has not responded in any way** even as late as less than 1 working day from that trial date.

For the foregoing reasons the Defense respectfully requests that the Court exclude the to exclude evidence (including testimonial, documentary, and real) related to or arising from Andrews Air Force Base Exchange Security personnel and preclude the Government from presenting testimony, documents, real evidence, and any other evidence arising from, related to, derived from, has as its source, or is a product of Andrews Air Force Base Exchange security personnel.